1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  MEL M. MARIN,                                  CASE NO. 10 CV 1906 MMA (RBB)

12                              Plaintiff,         **ORDER:**

13                                                 **DENYING MOTION TO**
                                                   **PROCEED IN FORMA PAUPERIS;**
14          vs.

                                                   [Doc. No. 2]
15

16                                                 **DENYING MOTION FOR**
                                                   **TEMPORARY RESTRAINING**
    SAEID EIDGAHY, *et al.*,                       **ORDER AND PRELIMINARY**
17                                                 **INJUNCTION**
                              Defendants.
18                                                 [Doc. No. 3]

19

20

21

22          On September 14, 2010, Plaintiff Mel M. Marin, proceeding *pro se*, filed a civil rights

23  complaint [Doc. No. 1], along with a motion to proceed *in forma pauperis* ("IFP") [Doc. No. 2],

24  and a motion for a temporary restraining order ("TRO") and preliminary injunction [Doc. No. 3.]

25          All parties instituting any civil action, suit or proceeding in a district court of the United

26  States, except an application for writ of habeas corpus, must pay a filing fee of $ 350.  *See* 28

27  U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only

28  if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  *See*

*Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In his affidavit, Plaintiff claims he is unemployed, but he recently received approximately $240 in April 2010 for work done for the United States Census Bureau, and that he currently receives $600 per month for "federally funded job training benefits" to attend college this year. [Doc. No. 2.] Plaintiff reports he has a checking account with a balance of $20, and owns a 1995 Dodge Caravan. Plaintiff also indicates he is the beneficiary of one or more family trusts that hold a house located at 313 Poplar Street, Erie, Pennsylvania, and three vacant lots in New Castle, Pennsylvania. Plaintiff asserts the house has been assessed at a value of $250, but because it cannot be sold or occupied it has a market value of $0 for purposes of the family trust. Similarly, he contends the vacant lots in New Castle also have no value. Plaintiff further states he is a judgment debtor for five judgments in California,[1] and he is the executor for unspecified "family claims elsewhere."

Finally, with respect to his debt obligations Plaintiff declares there are "[n]o records available and not able to make payments in any case." He then lists the following debts: "$100 monthly for phone, $100 for storage, $40 for car insurance and fees, $200 for gas to travel to different campuses, $100 for printing charges for class assignments, and the remainder for food and laundry."

A party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). The affidavit submitted by Plaintiff in support of his motion to proceed IFP does not demonstrate the he lacks the financial resources or assets to pay the costs of commencing this action.

---

[1] A judgment debtor is one who owes money as a result of a judgment against him. However, because Plaintiff lists himself as a judgment debtor in response to a question about additional assets, it is unclear whether Plaintiff owes money to satisfy several California judgments, or whether Plaintiff intended to assert he holds judgments against others. Either way, Plaintiff asserts the judgments have been uncollectible for ten years.

Plaintiff states in his affidavit that he is currently unemployed, but recently received approximately $250 for work done for the United States Census Bureau.  Plaintiff owns his automobile outright, he currently has a steady monthly income of $600 for use toward his college education, and he has $20 in his checking account.  Plaintiff also claims to have identifiable monthly debts totaling approximately $540, and states the remainder is for food and laundry.  The Court, however, is concerned the affidavit does not represent a full and accurate summary of Plaintiff's financial condition, in part, because no where does Plaintiff account for the cost of tuition and related necessities such as books and school supplies.  In addition, Plaintiff is able to pay the excessive expense of $100 per month for a phone, and the potentially unnecessary fee of $100 per month for storage, while Plaintiff does identify any expense for rent or other housing accommodations.

Lastly, the information Plaintiff provides regarding the four Pennsylvania properties held in trust for his sole benefit suggests his IFP affidavit is inaccurate or otherwise incomplete.  First, Plaintiff identifies a house in Erie, Pennsylvania that he claims has no value because it cannot be sold or otherwise occupied.  However, the Court's review of publicly available documents reveal that the Erie house located at 313 Poplar Street was sold on May 18, 2010 for $250, despite its appraised value exceeding $40,000.  Thus, the Court does not find Plaintiff's representation that the property is valueless credible.  Similarly, the Court does not accept Plaintiff's unsupported representation that the three vacant lots in New Castle, Pennsylvania are completely worthless.

Based on the foregoing, the undersigned finds that Plaintiff has not satisfied the indigency requirements of 28 U.S.C. § 1915(a)(1) and that he is able to pay costs to commence this action.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.   Plaintiff's Motion to Proceed In Forma Pauperis [Doc. No. 2] is **DENIED**;

2.   Plaintiff shall pay the $350 filing fee within fourteen (14) days of the date of this Order or this action shall be dismissed;

/ / /

1    3.    In the absence of an operative complaint, Plaintiff's Motion for a Temporary

2          Restraining Order and Preliminary Injunction is **DENIED AS MOOT** [Doc. No.

3          3].

4          **IT IS SO ORDERED**.

5

6  DATED:  September 15, 2010

7

8                                                Hon. Michael M. Anello
                                                 United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28