# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL M. MARIN,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>SAEID EIDGAHY, et al.,<br>　　　　　　　　　Defendants. | CASE NO. 10 CV 01906 MMA (RBB)<br><br>**ORDER:**<br><br>**GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. Nos. 7, 8] |

　　　Currently before the Court is Plaintiff Mel M. Marin's "Motion to Reconsider and to Vacate and Clarify or to Waive Fees for Appeal and Suggestion of Recusal" and his amended Motion for Leave to Proceed *In Forma Pauperis* ("IFP").

## BACKGROUND

　　　On September 14, 2010, Plaintiff filed a complaint alleging violations of his civil rights and interference with contract against several named defendants. [Doc. No. 1.] In connection with his complaint, Plaintiff also filed a motion to proceed IFP and motion for a temporary restraining order. [Doc. Nos. 2, 3.] On September 15, 2010, the Court issued an order denying Plaintiff's request to proceed IFP, and therefore denying his motion for a temporary restraining order. The Court held, "The affidavit submitted by Plaintiff in support of his motion to proceed IFP does not demonstrate he lacks the financial resources or assets to pay the costs of commencing this action."

1  [Doc. No. 4, p.2.]  The Court indicated portions of Plaintiff's IFP were unclear, and that overall, the affidavit did not support a finding that Plaintiff is indigent.  The Court granted Plaintiff fourteen days to pay the required filing fee.

Plaintiff did not pay the filing fee within the time prescribed, nor did he request reconsideration of the Court's order until two and one half months later when he received the clerk's entry of judgment dismissing his action for failure to pay the fee.  Upon notice of the Clerk's entry of dismissal, Plaintiff filed the pending motions on December 16, 2010.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to "alter or amend" a judgment by motion.  FED. R. CIV. P. 59(e).  Rule 59(e) is an extraordinary remedy, and in the interests of finality and conservation of judicial resources, should be used by the district courts sparingly.  *Carroll v. Nakatani*, 342 F.3d 934, 945 (2003).  Thus, a motion for reconsideration under Rule 59(e) should not be granted absent highly unusual circumstances.  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (1999).  The decision whether to grant reconsideration is committed to the sound discretion of the district court and will be reviewed only for an abuse of discretion. *School District No. 1J, Multnomah County v. ACandS,* 5 F.3d 1255, 1262 (1993).

Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."  *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (2009).  The motion must demonstrate reasons why the court should reconsider its prior decision, and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *Donaldson v. Liberty Mut. Ins. Co.*, 947 F.Supp. 429, 430 (1996).  The rule may not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment.  *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 (2008).  This position reflects the courts' concern for preserving dwindling resources and promoting judicial efficiency.  *Costello v. U.S. Government*, 765 F.Supp. 1003, 1009 (1991).

1    In order to carry the burden of proof, a moving party seeking reconsideration must show
2 more than a disagreement with the Court's decision, or a recapitulation of the cases and arguments
3 previously considered by the court. *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111,
4 1131 (2001). Therefore, courts will avoid considering Rule 59(e) motions based on repetitive
5 contentions of matters which were before the court on its prior consideration, or contentions which
6 might have been raised prior to the challenged judgment. *See Fuller v. M.G. Jewelry,* 950 F.2d
7 1437, 1442 (1991); *Backland v. Barnhart,* 778 F.2d 1386, 1388 (1985). In other words, the motion
8 should not be solely used to ask the court to rethink matters already decided.

9                                                **DISCUSSION**

10   **I.    ENTRY OF JUDGMENT BY THE CLERK OF COURT**

11   As a preliminary matter, Plaintiff asserts entry of judgment by the Clerk two months after
12 the Court issued its order in September, which directed Plaintiff to pay the filing fee within
13 fourteen days, or his action would be dismissed, was improper. Plaintiff claims "the clerk has no
14 authority to change the order of a judge." [Doc. No. 8.] The Clerk, however, did not change the
15 order of the Court. The Court's Order clearly stated that if Plaintiff failed to pay the required
16 filing fee within fourteen days, his action would be dismissed. The Order did not indicate the date
17 on which the formal dismissal would occur. Accordingly, as a matter of course, the Clerk notified
18 the Court after Plaintiff's time to pay the required filing fee had long since expired, and requested
19 direction regarding the entry of judgment. The Court confirmed dismissal was appropriate and the
20 Clerk entered judgment accordingly. [*See* Doc. No. 7 ("per Chambers, this case is hereby
21 dismissed).][1]

22   Similarly, Plaintiff assumes that his action was dismissed *with* prejudice because the
23 Court's September Order did not specifically state his action would be dismissed *without* prejudice
24 if he failed to timely submit the filing fee. Plaintiff refers to this omission as a "deliberate effort to
25 make [the dismissal] prejudicial." [Doc. No. 8, p.2.] The judgment, however, indicates Plaintiff's
26 action was dismissed because he failed to comply with the Court's September Order and it does

27

28   [1] In light of the Court's September Order and instruction to the Clerk, as reflected on the docket and the text of the judgment, the undersigned's signature need not appear on the judgment.

- 3 -                                                                                         10cv1906

not enter judgment in favor of defendants. [Doc. No. 5.] As such, the judgment is necessarily without prejudice to Plaintiff's alleged claims against the defendants. Plaintiff's failure to comply with 28 U.S.C. § 1914(a) and 1915(a) resulted in the dismissal of his claims, without prejudice to his right to properly reassert them at a later time. Accordingly, Plaintiff's motion for reconsideration is not appropriate on these grounds.

## II.   MOTION TO PROCEED IN FORMA PAUPERIS

Next, Plaintiff challenges the Court's review of his initial motion to proceed IFP [Doc. No. 2]. Plaintiff accuses the Court of personal bias and utilizing improper assumptions in evaluating his IFP. The Court declines to address the substance of these unsupported and inappropriate allegations, and reminds Plaintiff that he is expected to adhere to the same standard of professional conduct required from attorneys practicing before this Court. *See, e.g., Gerritsen v. Escobar y Cordova*, 688 F. Supp 556, 559 (C.D. Cal. 1988). Reconsideration of the Court's order denying Plaintiff's initial IFP is not justified on these grounds.

However, in connection with his motion for reconsideration Plaintiff has provided the Court a renewed IFP motion. [Doc. No. 7.] As previously stated, the ability to proceed IFP is a privilege, not a right. *Smart v. Heinz*, 347 F.2d 114, 116 (9th Cir. 1965). Plaintiff bears the burden of demonstrating he should be granted that privilege. Although the Court again finds that the IFP affidavit itself is inadequate, the Court will incorporate Plaintiff's statements regarding his financial status contained in his motion for reconsideration (which meets the requirements of Rule 11) into its analysis of his renewed IFP motion. Plaintiff provides significant detail regarding his financial status in his motion for reconsideration from which the Court may adequately assess whether he satisfies the requirements of section 1915.

The Court finds that Plaintiff has now satisfied the requirements to proceed IFP. In his motion for reconsideration, Plaintiff sets forth a detailed explanation of his expenses, income, assets, and obligations—information noticeably absent from his initial IFP. [*Compare* Doc. No. 8 *with* Doc. No. 2.] When this new information is considered together with his renewed IFP motion, Plaintiff has demonstrated he lacks the financial resources to pay the required filing fee and that he is entitled to proceed IFP.

### III. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2)

When a plaintiff seeks to proceed IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se's* pleadings. *Id.* In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pled, the Court finds Plaintiff's allegations sufficient to survive the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2).[2] Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS** as follows:

(i) Plaintiff's motion for reconsideration of the judgment entered on December 2, 2010 is **GRANTED** and the Clerk of Court is instructed to **VACATE** the judgment and reopen the case file [Doc. No. 8];

(ii) Plaintiff's amended motion for leave to proceed IFP is **GRANTED** [Doc. No. 7];

(iii) The Clerk shall issue a summons as to Plaintiff's Complaint [Doc. No. 1] upon Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and the summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. See 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

(iv) Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants or counsel for Defendants and the date of service. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk of the Court or which fails to include a certificate of service will be disregarded by the Court.

**IT IS SO ORDERED.**

DATED: January 18, 2011

Hon. Michael M. Anello
United States District Judge