# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN, | CASE NO. 10 CV 1906 MMA (RBB) |
| Plaintiff, | **ORDER RE:** |
| | **DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT**; |
| vs. | [Doc. No. 36, 50] |
| | **PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S JUNE 17, 2011 ORDER, AND MOTION TO FILE THIRD AMENDED COMPLAINT** |
| SAEID EIDGAHY, et al., | [Doc. No. 49] |
| Defendants. | **PLAINTIFF'S MOTION TO STRIKE** |
| | [Doc. No. 55] |

Currently pending before the Court are four motions including: two motions to dismiss Plaintiff's Second Amended Complaint [Doc. Nos. 36, 50]; Plaintiff's motion for reconsideration of the Court's June 17, 2011 order and leave to file a third amended complaint [Doc. No. 49]; and Plaintiff's motion to strike Defendants' opposition to his motion to amend [Doc. No. 55]. The Court in its discretion found each of these motions suitable for decision on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). [Doc. Nos. 42, 52, 54, 57.]

**BACKGROUND**

**I.    FACTUAL BACKGROUND**[1]

Plaintiff Mel Marin initiated this civil rights action on September 9, 2010, alleging numerous causes of action against eleven named defendants. [Doc. No. 1.] Plaintiff filed the operative Second Amended Complaint ("SAC") on July 18, 2011, in which he generally avers that he is a student enrolled with the San Diego Community College District. [Doc. No. 33, SAC at ¶3.] In August and September 2010, students in one of Plaintiff's classes allegedly harassed and assaulted him because he is older than the other students. [*Id.* ¶¶4, 6.] When Plaintiff reported the conduct to the professor, Defendant Candice Klingbeil, she refused to intervene to correct the situation. [*Id.* ¶5, 7-9.] Plaintiff informed Klingbeil he intended to "formally complain" about her refusal to protect Plaintiff's right to participate in the class without being harassed by the other students. [*Id.* ¶10.] In response, Klingbeil allegedly punished Plaintiff by preventing him from taking two exams, causing him two failing grades, and barring Plaintiff from attending class for two weeks . [*Id.* ¶11.]

Plaintiff asserts he informed Department Chair, Ann Geller, and the Dean, Saeid Eidgahy, about Klingbeil's refusal to control the other students in her class, but both individuals failed to remedy the situation. [*Id.* ¶¶12-14.] Plaintiff then complained to the college's President, Elizabeth Armstrong, but Plaintiff's grievances were again ignored. [*Id.* ¶20.] Next, Plaintiff met with Vice-President, Tim McGrath, and asked to be transferred to a different class on a different campus because Klingbeil refused to control the students in her classroom. [*Id.* ¶21.] Plaintiff alleges Defendant McGrath knew that if he refused to transfer Plaintiff or intervene on his behalf, it would impede Plaintiff's ability to apply for a physician assistant program. [*Id.* ¶22.]

Thereafter, Plaintiff wrote and hand-delivered a letter to the San Diego Community College District ("District"), the Board of Trustees of the San Diego Community College District ("Board of Trustees"), and Constance Carroll requesting an investigation into Professor Klingbeil's wrongful conduct, and permission to transfer to another class. [*Id.* ¶28.] Plaintiff's

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976). All facts cited are taken from Plaintiff's SAC unless otherwise noted.

letter went unanswered. [*Id.* ¶31.] According to Plaintiff, the retaliation continued into the Spring 2011 semester when Professor Gardner "surprisingly" changed the course syllabus, thereby creating significant extra work for Plaintiff. [*Id.* ¶33-37.] Plaintiff alleges he asked Gardner if he could continue to use the old schedule set forth in the original syllabus because the new requirements in the revised syllabus would prevent him from being able to complete the work assigned in other classes, force him to drop three other classes, and terminate his employment. [*Id.* ¶¶34-35.] Professor Gardner denied Plaintiff's request one day before the deadline to drop classes, forcing him to choose between dropping Gardner's class to save three others, or petitioning the college administrators to allow him to continue working under the old syllabus. [*Id.* ¶¶36-37.]

Accordingly, Plaintiff filed the present action against Defendants Saeid Eidgahy, Candice Klingbeil, Ann Geller, Elizabeth Armstrong, Constance M. Carroll, Peter Z. Schiesche, Maria Nieto Senour, Rich Grosch, the San Diego Community College District, the Board of Trustees of the San Diego Community College District, Tim McGrath, Peter White, and Mary Schwandt.[2] The operative SAC alleges multiple causes of action for violations of his civil rights, the First and Fourteenth Amendments of the United States Constitution, and negligence. Plaintiff seeks millions of dollars in damages from each Defendant on the ground that Defendants' conduct caused him to lose a year of schooling, and thereby denied him the opportunity to apply to physician assistant programs and begin a planned twenty-year career in the medical field. [*Id.* ¶¶66, 86, 96, 112, 128, 134.]

## II.   PROCEDURAL POSTURE

On June 17, 2011, the Court granted Defendants' motion to dismiss Plaintiff's First Amended Complaint. [Doc. No. 31.] Plaintiff was granted leave to amend several of his claims and filed his SAC on July 15, 2011. [Doc. No. 33.] Plaintiff's SAC alleges six causes of action

---

[2] To date, Plaintiff has not served defendants Tim McGrath, Peter White, Mary Schwandt, the San Diego Community College District, or the Board of Trustees of the San Diego Community College District. Nevertheless, each of these five defendants, except Ms. Schwandt, have moved to dismiss Plaintiff's SAC. Accordingly, any reference to "Defendants" includes these parties who have not been served, including Ms. Schwandt because she is similarly situated to several of the individual defendants.

1  premised on Defendants' alleged negligence, violations of his civil rights under 42 U.S.C. §1983,
2  and violation of his Constitutional rights under the First and Fourteenth Amendments.
3  　　　　On August 8, 2011, Defendants Saeid Eidgahy, Candice Klingbeil, Ann Geller, Elizabeth
4  Armstrong, Constance M. Carroll, Peter Z. Schiesche, Maria Nieto Senour, and Rich Grosch
5  moved to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(1) for lack of subject
6  matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.  [Doc.
7  No. 36.]  Plaintiff filed an opposition and Defendants submitted a reply.  [Doc. Nos. 38, 41.]
8  　　　　Approximately one month later on September 29, 2011, Plaintiff filed a motion for
9  reconsideration of the Court's June 17 order dismissing his FAC, and requesting leave to file a
10 third amended complaint to add a claim for injunctive relief.  [Doc. No. 49.]  Defendants opposed
11 Plaintiff's motion, but Plaintiff did not submit a reply.  [Doc. No. 51.]
12 　　　　On October 6, 2011, Defendants the District, the Board of Trustees, Tim McGrath, and
13 Peter White filed a motion to dismiss the SAC under Rule 12(b)(1) for lack of subject matter
14 jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.  [Doc. No.
15 50.]  Plaintiff did not file an opposition.
16 　　　　Lastly, Plaintiff filed a motion to strike Defendants' opposition to his motion for
17 reconsideration and for leave to file a third amended complaint (Doc. No. 51) on the ground that
18 Defendants failed to timely serve Plaintiff with copies of the documents.  [Doc. No. 55.]  Plaintiff
19 has not filed a reply.  [Doc. No. 56.]  For the reasons set forth below, the Court **GRANTS IN**
20 **PART** and **DENIES IN PART** Defendants' motions to dismiss; **DENIES** Plaintiff's motion for
21 reconsideration; **DENIES** Plaintiff's motion to strike; and **GRANTS** Plaintiff's request to file a
22 third amended complaint.
23 　　　　　　　　　　　　　　　　　　**LEGAL STANDARD**
24 　　　　A complaint survives a motion to dismiss if it contains "enough facts to state a claim to
25 relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The
26 court reviews the content of the complaint, accepting all factual allegations as true, and drawing all
27 reasonable inferences in favor of the nonmoving party.  *Knievel v. ESPN*, 393 F.3d 1068, 1072
28 (9th Cir. 2005).  Notwithstanding this deference, the reviewing court need not accept "legal

1 conclusions" as true. *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009).  Moreover, it is
2 improper for a court to assume "the [plaintiff] can prove facts that [he] has not alleged."
3 *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526
4 (1983).  Accordingly, a reviewing court may begin "by identifying pleadings that, because they are
5 no more than conclusions, are not entitled to the assumption of truth." *Ashcroft*, 129 S. Ct. at
6 1950.

7 "When there are well-pleaded factual allegations, a court should assume their veracity and
8 then determine whether they plausibly give rise to an entitlement to relief." *Id.*  A claim has
9 "facial plausibility when the plaintiff pleads factual content that allows the court to draw the
10 reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.  "The
11 plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer
12 possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are
13 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
14 plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).  In addition, the Court
15 has a duty to liberally construe a *pro se's* pleadings.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.
16 2000).  In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply
17 essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the
18 University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

19 When a cause of action is dismissed for failure to state a claim, leave to amend should be
20 granted "unless the court determines the allegation of other facts consistent with the challenged
21 pleadings could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d
22 655, 658 (9th Cir. 1992) (quoting *Schrieber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d
23 1393, 1401 (9th Cir. 1986)).  In other words, a court may grant a motion to dismiss and dismiss the
24 claim with prejudice where amendment would be futile.  *Reddy v. Litton Indus.*, 912 F.2d 291, 296
25 (9th Cir. 1990).

26 **DISCUSSION**

27 As a preliminary matter, the Court notes Plaintiff did not file an opposition to the motion to
28 dismiss filed by the District, the Board, Tim McGrath and Peter White.  The Ninth Circuit has held

a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." As such, the Court has the option of granting this motion to dismiss on the basis of Plaintiff's failure to respond. The Court, however, declines to do so, as public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). In addition, Plaintiff filed an opposition to the other Defendants' motion to dismiss, which the Court will construe to oppose both motions. Consequently, the Court finds it unnecessary and inefficient to consider Defendants' motions separately. Because the issues largely overlap and Defendants are similarly situated, the Court addresses Defendants' motions simultaneously.[3]

**I.     DEFENDANTS' MOTIONS TO DISMISS**

Defendants move to dismiss Plaintiff's entire SAC on two primary grounds. First, all Defendants assert they are entitled to immunity against each of Plaintiff's claims. The individual Defendants argue they are entitled to qualified immunity against Plaintiff's first through fourth causes of action, and that the District and the Board of Trustees are entitled to immunity under the Eleventh Amendment as to Plaintiff's fifth and sixth causes of action. Second, all Defendants assert Plaintiff's complaint is legally deficient in its entirety, as it fails to state a claim upon which relief can be granted.

**(A)     CLAIMS FIVE & SIX ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY**

In his fifth cause of action, Plaintiff alleges the District and the Board of Trustees retaliated against him for complaining about Professor Klingbeil's misconduct by preventing him from taking necessary classes and refusing to remedy the situation. [Doc. No. 33, ¶¶113-128.] Plaintiff asserts the District and the Board of Trustee's conduct violated his civil rights under 42 U.S.C. §

---

[3] The Court denies Defendants' request for judicial notice [Doc. No. 36-2] as moot; the Court need not take judicial notice of its prior orders issued in this case.

1  1983, because they knew about the individual Defendants' violations of Plaintiff's First and
2  Fourteenth Amendment rights, and refused to do anything to stop it. [*Id*. at ¶115.] Similarly,
3  Plaintiff's sixth cause of action alleges the District and the Board of Trustees breached their duty
4  to train and supervise Defendant Klingbeil.
5        The District and the Board of Trustees argue the Court lacks jurisdiction over Plaintiff's
6  fifth and sixth causes of action because they erroneously assert civil rights violations under 42
7  U.S.C. § 1983 against state entities. The Court agrees. "The Eleventh Amendment of the United
8  States Constitution prohibits federal courts from hearing suits brought by private citizens against
9  state governments, without the state's consent." *Natural Res. Def. Counsel v. Santa Monica*
10 *Baykeeper, Inc.*, 96 F.3d 420, 421 (9th Cir. 1996) (italics and citation omitted). Ordinarily, courts
11 must apply a multi-factor balancing test to determine whether a governmental agency is an arm of
12 the state, and therefore, entitled to Eleventh Amendment immunity. *See Belanger v. Madera*
13 *Unified School Dist*., 963 F.2d 248, 250-51 (9th Cir. 1992). Specifically, courts consider: "[1]
14 whether a money judgment would be satisfied out of state funds, [2] whether the entity performs
15 central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity
16 has the power to take property in its own name or only the name of the state, and [5] the corporate
17 status of the entity." *Id.*
18       Within California, however, the Ninth Circuit has determined that Eleventh Amendment
19 immunity "extends to state agencies and to state officers, who act on behalf of the state," including
20 community college districts. *Id*. (citation omitted); *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26
21 F.3d 968, 972 (9th Cir. 1994) (community college districts are entitled to Eleventh Amendment
22 immunity as dependent instrumentalities of the state of California) (citing *Pennhurst State Sch. &*
23 *Hosp. v. Halderman*, 465 U.S. 89 (1984)). For example, in *Belanger v. Madera Unified School*
24 *Dist*., 963 F.2d 248, 254 (9th Cir. 1992), the Ninth Circuit noted that "California has selected a
25 different path from that of most states. California has vested control of school funding in the state
26 rather than local governments." *Id*. at 253. Thus, it is well-established that providing public
27 education in California is a state function, and school districts are considered arms of the state to
28 which Eleventh Amendment immunity extends. *See, e.g., id*.; *Cerrato*, 26 F.3d at 972 (affirming

district court conclusion that it lacks jurisdiction to hear section 1983 claim against the San Francisco Community College district because the Eleventh Amendment "bars a federal court from hearing claims by a citizen against dependent instrumentalities of the state); *Dharod v. Los Angeles City Coll.*, 2011 U.S. Dist. LEXIS 89485 *13-14 (C.D. Cal. June 7, 2011); *Hodge v. Oakland Unified Sch. Dist.*, 2010 U.S. Dist. LEXIS 67347 *10-11 (N.D. Cal. July 7, 2010).[4] Likewise, an individual cannot bring a private cause of action against the Board of Trustees. *See Porter v. Board of Trustees*, 123 F. Supp. 2d 1187, 1198 (C.D. Cal. 2000) *rev'd and remanded on other grounds,* 307 F.3d 1064, 1074 (9th Cir. 2002). "As the governing board of [the school district], the Board of Trustees is also an arm of the state and enjoys Eleventh Amendment immunity from Plaintiff's § 1983 claim." *Id.*; *accord Davis v. Folsom Cordova Unified Sch. Dist.*, 2012 U.S. Dist. LEXIS 22619 *13-14 (E.D. Cal. Feb. 22, 2012).

Accordingly, the Court concludes that it lacks jurisdiction over Plaintiff's fifth and sixth causes of action because the District and the Board of Trustees are dependant instrumentalities of the State of California, which are immune from suit under the Eleventh Amendment. Plaintiff's fifth and sixth causes of action are therefore subject to dismissal with prejudice, and without leave to amend. In addition, because the District and the Board are not proper Defendants they shall be dismissed from this action. *Dharod*, 2011 U.S. Dist. LEXIS 89485 *13-14.

**(B)   QUALIFIED IMMUNITY**

Each of the remaining Defendants alleges claims one through four should be dismissed because qualified immunity shields them from civil damages liability. Plaintiff argues Defendants waived their right to raise a qualified immunity defense by failing to do so in their motion to dismiss the first amended complaint. Plaintiff is mistaken. Qualified immunity is an affirmative defense that is not waived by omission from a motion to dismiss. In fact, the Ninth Circuit

---

[4] Plaintiff's reliance on *Cohen v. San Bernardino Valley College*, 92 F.3d 968, 970 (9th Cir. 1996) to support his allegation that the District and the Board of Trustees are not immune is entirely misplaced. [*See* Doc. No. 33, ¶116.] In *Cohen*, "the district court dismissed the College, the Board, and the Grievance Committee from the lawsuit on the basis that these parties are immune under the *Eleventh Amendment* and are not 'persons' under § 1983. Cohen [did] not appeal this aspect of the case." *Id*. Therefore, *Cohen* actually supports the conclusion that the District and the Board of Trustees are entitled to Eleventh Amendment immunity.

considered, and rejected Plaintiff's waiver argument in *Randle v. Crawford*, 604 F.3d 1047 (9th Cir. 2010).

> [In *Randle*,] the Ninth Circuit considered whether the state had waived the statute of limitations defense in a habeas case by waiting to raise it until a second motion to dismiss. In its first motion to dismiss, the state alleged only that some of the issues in the habeas petition had not been exhausted; later it stipulated to a stay of the proceedings to allow petitioner to exhaust state remedies. When petitioner filed his amended petition in federal court, the state argued that the action was barred by the statute of limitations. Petitioner argued that the state had waived the defense by failing to raise it in the first motion to dismiss and by stipulating to the stay. The Ninth Circuit rejected the position, noting that while a defendant may waive an affirmative defense by failing to raise it in a pleading, a motion to dismiss is not a pleading under Rule 7(a), though an answer is. Because the first motion to dismiss was not a pleading, the state's failure to raise the statute of limitations in that motion did not constitute a waiver.

*Chatman v. Felker*, 2010 U.S. Dist. LEXIS 92116 *3-4 (E.D. Cal. Aug. 18, 2010) (citing *Randle*, 604 F.3d at 1052-53). Accordingly, Defendants are not prohibited from raising their qualified immunity defense in their pending motions to dismiss.[5]

Defendants argue they are entitled to qualified immunity because even under Plaintiff's version of the facts, Defendants reasonably could have believed their actions were lawful. "Government officials enjoy qualified immunity from civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (citation omitted). "When a court is presented with a qualified immunity defense, the central questions for the court are (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right and (2) whether the right at issue was clearly established." *Boston v. Garcia*, 2012 U.S. Dist. LEXIS 5215 *14-15 (E.D. Cal. Jan. 17, 2010) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [person] that his conduct was unlawful in the situation he confronted, whether the state of the law at the time of the challenged action gave fair warning to the officials that their conduct was

---

[5] For the same reasons, the Court rejects Plaintiff's assertion that Defendants waived their arguments regarding Plaintiff's speculative damages theories. [*See* Doc. No. 38, p.18-19.]

unconstitutional." *Dunmore v. Janda*, 2011 U.S. Dist. LEXIS 109266 *33 (S.D. Cal. Sept. 26, 2011) (citations and internal marks omitted).

The issue of qualified immunity, however, is a highly fact specific inquiry that is infrequently suitable for determination on a motion to dismiss. *Clinton v. Green*, 2012 U.S. Dist. LEXIS 10374 *20-21 (C.D. Cal. Jan. 19, 2012) (citations omitted). "While a ruling on immunity should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive, the court is usually not equipped at this stage to determine whether qualified immunity will ultimately protect the defendant. Those issues must be resolved at summary judgment or at trial." *Ramirez v. Giurbino*, 2011 U.S. Dist. LEXIS 72876 *22 (S.D. Cal. May 24, 2011) (citations and internal marks omitted). The Court therefore finds that the record at this stage of the proceedings is insufficient to rule on the issue of qualified immunity, and denies Defendants' motion to dismiss claims one through four on this ground, without prejudice.

**(C)     FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendants next move to dismiss claims one through four on the ground that they fail to state a cognizable legal theory because Plaintiff's purported harm and resulting damages are simply too speculative. [*See* Doc. Nos. 36, 50.] In response, Plaintiff argues it is too early for the Court to eliminate damages on the ground that they are speculative, as the parties have not had the opportunity to produce any evidence. [*See* Doc. No. 38, p.18.] Defendants are correct that Plaintiff's speculative damages associated with his "lost" physician assistant schooling and anticipated career likely lack merit. However, Plaintiff has also alleged more realistic injuries that could potentially support a claim for relief. For example, Plaintiff alleges he will have to retake Professor Klingbeil's class because after he complained she excluded him from class and prevented him from taking exams, which resulted in a non-passing grade. [*See* Doc. No. 33, ¶11.] Accordingly, because Plaintiff has alleged some proximate harm, the Court considers whether his remaining four causes of action otherwise state a claim upon which relief can be granted.

/ / /

/ / /

*1.    Claim One*

<u>First Amendment Retaliation</u>

In his first claim for relief, Plaintiff alleges Defendant Klingbeil violated his constitutional rights by retaliating against him and punishing him for complaining about the conditions in her classroom. [Doc. No. 33, p.9-14.] In addition, Plaintiff asserts Klingbeil's refusal to protect Plaintiff from the younger students in the classroom violated his right to equal protection under the Fourteenth Amendment. [*Id*. ¶50.] To state a First Amendment retaliation claim in the context of student speech, Plaintiff must allege that: (1) Plaintiff's complaints qualify as a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) Plaintiff's complaints were a substantial or motivating factor in the defendant's decision not to let Plaintiff take exams or transfer to a different class. *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006) (citations omitted). Plaintiff appears to have satisfied the first element for a retaliation claim because valid complaints against a teacher are constitutionally protected. *Id*. at 771. In addition, if the Court liberally construes Plaintiff's complaint, it can be read to support the third element as well. However, Plaintiff entirely fails to allege facts that support the second element. Accordingly, Plaintiff has not stated a section 1983 claim upon which relief can be granted based on retaliation for exercising his First Amendment rights. Although the Court is not convinced amendment will be successful, Plaintiff is granted one final opportunity to amend his First Amendment retaliation claim against Defendant Klingbeil.

<u>Fourteenth Amendment Equal Protection Clause</u>

To state a violation of the Equal Protection Clause of the Fourteenth Amendment Plaintiff must allege: "he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against plaintiff based upon membership in a protected class." *Alston v. Wurster*, 2011 U.S. Dist. LEXIS 125575 *9-10 (E.D. Cal. Oct. 31, 2011). Here, Plaintiff does not allege any facts to support an equal protection claim. Although Defendant mentions in passing that he is an older male student, the gravaman of Plaintiff's allegations are premised on Defendants' alleged retaliation for his decision to complain

about Professor Klingbeil. Nothing in the SAC supports an inference that the named Defendants treated Plaintiff differently because of his age, gender, race, or nationality. In fact, the SAC rebuts this argument because Plaintiff repeatedly alleges he was treated differently (i.e. punished) *because he complained*. The operative complaint contains no indication that other students who are younger, or are of a different race, gender, or nationality complained about Professor Klingbeil and were treated differently than Plaintiff when they complained. Because Plaintiff has had three opportunities to state a plausible equal protection claim and the facts as alleged clearly demonstrate that this case does not implicate the equal protection clause of the Fourteenth Amendment, the Court concludes amendment of Plaintiff's equal protection cause of action would be futile. Accordingly, the Court dismisses Plaintiff's Fourteenth Amendment claim against Professor Klingbeil, with prejudice, and without leave to amend.

      *2.    Claim Two*

In his second cause of action, Plaintiff alleges Defendants Eidgahy, Geller, Armstrong, McGrath, White, Carroll, Schiesche, Schwandt, Senour, and Grosch, violated his First and Fourteenth Amendment rights by refusing to remedy Professor Klingbeil's allegedly wrongful conduct. This claim fails for two reasons. First, because Plaintiff has not alleged any actionable wrongdoing against Klingbeil, her conduct cannot serve as the predicate for supervisory liability.

Second, even assuming Plaintiff could state a viable claim against Klingbeil, his allegations are insufficient to impose liability on her purported supervisors.

> [S]upervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him [or her] and the claimed constitutional violation must be specifically alleged. . . . Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.

*Davis v. Folsom Cordova Unified Sch. Dist.*, 2012 U.S. Dist. LEXIS 22619 *11-12 (E.D. Cal. Feb. 22, 2012) (citations omitted); *see also, McCue v. S. Fork Union Elem. Sch.*, 766 F. Supp. 2d 1003, 1009-10 (E.D. Cal. 2011). Here, Plaintiff alleges these ten Defendants were aware of Klingbeil's unlawful conduct, and therefore their refusal to remedy the situation makes them liable. Plaintiff does not, however, provide any specific allegations regarding the supervisor's individual conduct,

nor how their conduct is individually and proximately linked to Plaintiff's purported constitutional injury. "Plaintiff may not simply list supervisory defendants and claim that he was injured because of a policy or practice." *Lee v. Alameida*, 2010 U.S. Dist. LEXIS 64601 *6 (E.D. Cal. June 29, 2010). Despite three opportunities to adequately allege personal involvement by the above-listed Defendants, Plaintiff's vague and conclusory allegations still do not satisfy federal pleading standards. Accordingly, the Court concludes amendment would be futile and dismisses Plaintiff's second cause of action for failure to remedy Professor Klingbeil's alleged retaliation with prejudice, and without leave to amend.

        *3.     Claim Three*

Plaintiff's third cause of action purports to bring a section 1983 claim against Defendants Eidgahy, Geller, Armstrong, McGrath, Carroll, the Board of Trustees,[6] Schiesche, Schwandt, Senour, and Grosch for negligently training and supervising Professor Klingbeil. Plaintiff's failure to train allegations are deficient as a matter of law. First, Plaintiff cannot maintain a cause of action against these Defendants in their official capacities. *H.W. v. E. Sierra Unified Sch. Dist.*, 2011 U.S. Dist. LEXIS 117709 *11-12 (E.D. Cal. Oct. 12, 2011) ("Eleventh Amendment also bars damages actions brought against state officials in their official capacity, as the state is the real party-in-interest"); *Davis*, 2012 U.S. Dist. LEXIS 22619 *11-12 ("Eleventh Amendment bars federal suits, whether seeking damages or injunctive relief").

Second, to state a failure to train or negligent supervision cause of action, Plaintiff must allege the existence of an established pattern, practice, and custom that causes constitutional violations. As explained above, "liability under section 1983 may not be based on respondeat superior but only on the supervisor's own wrongful acts or omissions." *Lee*, 2010 U.S. Dist. LEXIS 64601 *6. Supervisors are rarely liable for acts of other employees, unless the plaintiff can show a causal link between the supervisor's conduct and the plaintiff's constitutional injury. *Davis*, 2012 U.S. Dist. LEXIS 22619 *11-12**.**

///

---

[6] As discussed at pages 6-8 above, the Board of Trustees is not a proper defendant because it is immune from suit under the Eleventh Amendment.

Here, Plaintiff's SAC contains only conclusory allegations and conjecture which are insufficient to support an inference that the individual Defendants maintained a policy or custom of failing to train the professors; Plaintiff's passing references to customs and policies are therefore unavailing. [*See* Doc. No. 33, ¶¶51, 77, 92.] Plaintiff must do more than simply allege that Defendants did not provide an adequate remedy for Professor Klingbeil's allegedly wrongful conduct. *Lutz v. Delano Union Sch. Dist.*, 2009 U.S. Dist. LEXIS 69245 *10-11 (E.D. Cal. Aug. 7, 2009). In addition, generally, "[m]ere proof of a single incident of errant behavior is a clearly insufficient basis for imposing liability" on those in a supervisory capacity. *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989).

Third, violation of one's civil rights under section 1983 is an intentional tort; Plaintiff cannot bring a section 1983 claim based on negligence. If Plaintiff intends to assert common law causes of action for negligence, he must plead facts to demonstrate "what duty the defendant owed plaintiff, how the defendant breached that duty, and how that breach caused the harm plaintiff allegedly suffered." *Alston*, 2011 U.S. Dist. LEXIS 125575 *11. The SAC establishes none of these elements. Accordingly, to the extent Plaintiff intends to allege a state-based negligence cause of action against the supervisory Defendants, he will be permitted one more opportunity to try and do so. The Court dismisses Plaintiff's third cause of action for negligent supervision and failure to train Professor Klingbeil without prejudice, and with leave to amend.

*4. Claim Four*

Plaintiff's fourth cause of action alleges Defendants Eidgahy, Geller, Armstrong, McGrath, Carroll, the Board of Trustees,[7] Schiesche, Schwandt, Senour, and Grosch violated of his civil rights because they negligently failed to train and properly supervise Professor Gardner. Plaintiff's claim fails as a matter of law. Plaintiff's allegation that Professor Gardner unexpectedly changed the class syllabus is insufficient to state a cause of action. Teachers enjoy significant freedom to manage their classes and lessons as they deem necessary. *Brown v. Li*, 308 F.3d 939, 950 (9th Cir. 2002) ("a public school has discretion to engage in its own expressive activity of

---

[7] As discussed at pages 6-8 above, the Board of Trustees is not a proper defendant because it is immune from suit under the Eleventh Amendment.

- 14 - 10cv1906

prescribing its curriculum"). Contrary to Plaintiff's assertion, class syllabi do not give students a "due process right to rely on the lesson plans and testing schedules," nor do they constitute "government rules." [Doc. No. 33, ¶¶98-100.] Therefore, even construing the SAC in a light most favorable to Plaintiff, nothing in the record supports an inference that Professor Gardner's conduct was wrongful.

Further, the Court concludes amendment would be futile because "when a teacher makes an assignment, even if she does it poorly, the student has no constitutional right to do something other than that assignment and receive credit for it." *Brown*, 308 F.3d at 949 (citation omitted); *see also Hazelwood v. Sch. Dist.*, 484 U.S. 260, 266-67 (1988) ("A school need not tolerate speech that is inconsistent with its 'basic educational mission.' . . . determination of what manner of speech in the classroom . . . is appropriate properly rests with the school board rather than the with the federal courts). Consequently, in the absence of any underlying misconduct by Gardner, Plaintiff cannot maintain a failure to train or supervise claim against her supervisors. Plaintiff's fourth cause of action is therefore dismissed with prejudice, and without leave to amend.

**II.    MOTION FOR RECONSIDERATION & REQUEST TO FILE THIRD AMENDED COMPLAINT**

**(A)    RECONSIDERATION UNDER RULE 60(B)**

On September 29, 2011, Plaintiff filed a motion requesting, *inter alia*, that the Court reconsider its June 17, 2011 Order granting Defendants' motion to dismiss. [Doc. No. 49.] Plaintiff's request lacks merit for at least three reasons. First, Plaintiff's motion for reconsideration is moot because he filed his SAC on July 18 and did not file his motion for reconsideration until September. Plaintiff's amended pleading superceded his FAC; the earlier pleading no longer serves any function. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Because the Court's June 17 Order disposed of the FAC, if Plaintiff disagreed with the Court's ruling, he was required to challenge it before filing a SAC. Having failed to do so, the SAC superseded the FAC, and Plaintiff cannot now seek reconsideration of the Court's Order that dismissed the superseded pleading.

Second, Plaintiff misinterprets Defendants' arguments regarding damages and improperly concludes that Defendants desire reconsideration of the Court's June 17 Order. Contrary to

1  Plaintiff's assertion, the Defendants have not advanced any theories that permit Plaintiff to "re-
2  argue what he missed the first time." [Doc. No. 49, p.3.]

3  Third, even if the Court were inclined to consider the merits of Plaintiff's motion, he has
4  identified no legally cognizable ground that warrants reconsideration. Federal Rule of Civil
5  Procedure 60(b) provides for reconsideration in limited circumstances where Plaintiff
6  demonstrates one or more of the following: (1) mistake, inadvertence, surprise or excusable
7  neglect; (2) newly discovered evidence which by due diligence could not have been discovered
8  before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5)
9  satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School*
10 *Dist. 1J v. A Cand S Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). Under subparagraph (6), Plaintiff
11 must show that there are extraordinary grounds justifying relief; mere dissatisfaction with the
12 court's order or belief that the court is wrong in its decision are not adequate grounds for relief.
13 *Twentieth Century -- Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

14 Plaintiff's motion for reconsideration does not satisfy any of the grounds for
15 reconsideration enumerated in Rule 60(b). Instead, Plaintiff submits a "new" theory of
16 liability—interference with prospective economic relationship—and offers new case law in
17 support. In reality, Plaintiff is merely re-labeling his earlier claim for interference with
18 prospective economic advantage, which the Court dismissed with prejudice. The words Plaintiff
19 uses to describe his claim are not dispositive, and re-titling his cause of action does not justify
20 reconsideration of the Court's detailed, and legally correct ruling. [*See* Doc. No. 31, p.14-16; *see*
21 *Rains v. Criterion Sys.*, 80 F.3d 339, 343 n.2 (9th Cir. 1996) (the label plaintiff attaches to its
22 cause of action is not dispositive—court must examine factual allegations to determine nature the
23 claim).] The underlying argument remains the same, and as such, the claim remains deficient. In
24 addition, even if the Court were inclined to consider the new authority Plaintiff cites, it is
25 inapposite and unhelpful to Plaintiff's attempt to state a claim under California common law.
26 [*See* Doc. No. 49, p.3-5 (citing cases from New York, New Jersey, and Illinois).] Accordingly, the
27 Court denies Plaintiff's motion for reconsideration.
28 / / /

### (B)   MOTION FOR LEAVE TO ADD INJUNCTIVE RELIEF CLAIM

Plaintiff requests the Court grant him leave to file a third amended complaint under Federal Rule of Civil Procedure 15(a)(2) so that he can add a claim for injunctive relief. [*See* Doc. No. 49, p.1.] It is unclear, however, what type of injunctive relief Plaintiff desires, as he states only that, "Because plaintiff offers injunctive relief in the nature of restitution that can succeed in any court even if *future* loss is ruled to be unavailable, he supplies such facts in his injunctive requests and that makes this motion proper." [*Id.*] Plaintiff's request appears to be related to his motion for reconsideration of the Court's prior order dismissing his claim for interference with prospective economic advantage, which the Court denies. Regardless, because the Court grants Plaintiff leave to amend some of his claims, the Court also grants him leave to include an appropriate, legally cognizable claim for injunctive relief if he is able to do so.

### III.   PLAINTIFF'S MOTION TO STRIKE

Lastly, Plaintiff requests the Court strike Defendants' opposition to his motion for leave to file a third amended complaint and construe Defendants' lack of opposition as a waiver of any challenge to Plaintiff's remaining claims. Plaintiff asserts this severe remedy is warranted because Defendants did not timely serve Plaintiff with a copy of their opposition papers. The Court disagrees. The record reveals Plaintiff filed his motion to amend on September 29, 2011 and Defendants filed their opposition on October 17. The same day, Defendants served their opposition on Plaintiff at his Post Office Box address in San Diego. At the time of service however, this address was no longer correct as Plaintiff had moved to Ohio. [Doc. No. 40 (change of address).] When Defendants discovered their error, they promptly re-sent their opposition papers to Plaintiff in Ohio. In an effort to expedite service, they sent the document via overnight mail. Unfortunately, the fact that the overnight service required a signature from the recipient created additional delay and frustration for Plaintiff.

Accordingly, the Court declines to impose the harsh sanctions requested by Plaintiff in the absence of culpable conduct or identifiable prejudice to Plaintiff. Defendants' inadvertent mistake, which they attempted in good faith to remedy, does not justify striking their opposition from the record. Further, the public policy favoring disposition of cases on their merits weighs

against Plaintiff's requested sanction. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). The Court therefore denies Plaintiff's request to strike Defendants' opposition as a sanction for not timely serving Plaintiff with a copy of the document.

## **CONCLUSION**

For the reasons set forth above, the Court **ORDERS** as follows:

(i) The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motions to dismiss Plaintiff's second amended complaint. [Doc. Nos. 49, 50.]

(ii) Claim one against Defendant Klingbeil is **DISMISSED.** To the extent Plaintiff's first cause of action alleges a First Amendment retaliation claim against Defendant Klingbeil, the claim is dismissed **WITHOUT PREJUDICE** and with leave to amend. However, to the extent Plaintiff's first cause of action attempts to allege an equal protection cause of action under the Fourteenth Amendment, the claim is dismissed **WITH PREJUDICE** and without leave to amend, as amendment would be futile.

(iii) Plaintiff's second cause of action against Defendants Eidgahy, Geller, Armstrong, McGrath, White, Carroll, Schiesche, Schwandt, Senour, and Grosch for failing to remedy Professor Klingbeil's alleged retaliation is **DISMISSED WITH PREJUDICE**, and without leave to amend.

(iv) Plaintiff's third cause of action against Defendant the Board of Trustees under section 1983 for negligent training and supervision of Klingbeil is **DISMISSED WITH PREJUDICE** and without leave to amend, as the Board is immune from suit under the Eleventh Amendment.

(v) To the extent Plaintiff's third cause of action alleges a state-based negligence claim against Defendants Eidgahy, Geller, Armstrong, McGrath, Carroll, Schiesche, Schwandt, Senour, and Grosch for failure to train and supervise Klingbeil it is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

///

///

(vi) Plaintiff's fourth cause of action against Defendants Eidgahy, Geller, Armstrong, McGrath, the Board of Trustees, Carroll, Schiesche, Schwandt, Senour, and Grosch for negligent supervision and training of Gardner is **DISMISSED WITH PREJUDICE** and without leave to amend.

(vii) Plaintiff's fifth cause of action against the District and the Board of Trustees for violations of his First and Fourteenth Amendment rights under section 1983 for "failure to offer meaningful remedy" is **DISMISSED WITH PREJUDICE** and without leave to amend because the Court lacks jurisdiction to hear this claim which is barred by the Eleventh Amendment.

(viii) Plaintiff's sixth cause of action against the District and the Board of Trustees for violation of his civil rights by failing to adequately train and supervise Klingbeil is **DISMISSED WITH PREJUDICE** and without leave to amend because the Court lacks jurisdiction to hear this claim which is barred by the Eleventh Amendment.

(ix) Plaintiff's motion for leave to file a third amended complaint is **GRANTED**, as he is being given leave to file an amended complaint consistent with this Order. Plaintiff's motion for reconsideration, however, is **DENIED.** [Doc. No. 49.]

(x) Plaintiff's motion to strike is **DENIED.** [Doc. No. 55.]

In sum, Plaintiff may file a third amended complaint to: (1) amend his First Amendment retaliation claim against Defendant Klingbeil; (2) amend his common law negligence claim against Defendants Eidgahy, Geller, Armstrong, McGrath, Carroll, Schiesche, Schwandt, Senour, and Grosch for failure to train and supervise Klingbeil; and (3) state a claim for injunctive relief, *only*. Plaintiff may not allege any new claims (except one claim for injunctive relief as contemplated herein), nor add any new defendants in his third amended complaint.

Plaintiff is advised that leave to amend is granted for one final time. No further leave will be given. Plaintiff initiated this action in September 2010 and this will be his fourth attempt to plead cognizable claims against Defendants. Accordingly, Plaintiff's third amended complaint must rectify all of the discrepancies stated herein. Plaintiff shall file his third amended complaint, consistent with the terms of this Order, no later than *__April 16, 2012.__*

///

1  The Clerk of Court is instructed to terminate Defendants the District and the Board of
2  Trustees, as they are immune from suit. *Dharod*, 2011 U.S. Dist. LEXIS 89485 *13-14.
3  **IT IS SO ORDERED.**
4  DATED: March 19, 2012

*[signature]*

Hon. Michael M. Anello
United States District Judge