# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MEL MARIN, | CASE NO. 10CV1906 MMA (RBB) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| vs. | |
| SAEID EIDGAHY, et al., | [Doc. No. 60] |
| Defendants. | |

Currently pending before the Court is Defendants' Motion to Dismiss Plaintiff Mel Marin's Third Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 60.] Plaintiff, proceeding *pro se*, opposed the motion [Doc. No. 61], and Defendants filed a reply [Doc. No. 62]. The Court in its discretion found the motion suitable for decision on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). [Doc. No. 63.] For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES** Plaintiff's complaint **with prejudice**.

/ / /

/ / /

/ / /

/ / /

/ / /

# BACKGROUND[1]

Plaintiff Mel Marin initiated this civil rights action on September 9, 2010, alleging numerous causes of action against eleven named defendants. [Doc. No. 1.] Plaintiff filed the operative Third Amended Complaint ("TAC") on April 12, 2012, in which he generally avers that he was a student enrolled with the San Diego Community College District. [Doc. No. 59, TAC at ¶ 3.] In August and September 2010, students in one of Plaintiff's classes allegedly harassed and assaulted him because was male and older than the other students. [*Id.* ¶¶ 4, 6.] When Plaintiff reported the conduct to the professor, Defendant Candice Klingbeil, she refused to intervene to correct the situation. [*Id*. ¶¶ 5, 7-9.] Plaintiff informed Klingbeil he intended to "formally complain" about her refusal to protect Plaintiff's right to participate in the class without being harassed by the other students. [*Id*. ¶ 17.] In response, Klingbeil allegedly punished Plaintiff by preventing him from taking two exams, causing him two failing grades, and barring Plaintiff from attending class for two weeks. [*Id*. ¶ 18.] Plaintiff alleges Klingbeil did this to punish Plaintiff for complaining and to guarantee that Plaintiff would have several failing test grades so as to damage his grade average sufficiently to prevent him from entering the medical school of his choice. [*Id.* ¶ 19.]

Plaintiff asserts he informed Department Chair, Ann Geller, and the Dean, Saeid Eidgahy, about Klingbeil's refusal to control the other students in her class, but both individuals failed to remedy the situation. [*Id*. ¶¶ 23-25.] Plaintiff then complained to the college's President, Elizabeth Armstrong, but Plaintiff's grievances were again ignored. [*Id*. ¶ 34.] Next, Plaintiff met with Vice-President, Tim McGrath, and asked to be transferred to a different class on a different campus because Klingbeil refused to control the students in her classroom. [*Id*. ¶ 35.] Plaintiff alleges Defendant McGrath knew that if he refused to transfer Plaintiff or intervene on his behalf, it would impede Plaintiff's ability to apply for a physician assistant program. [*Id*. ¶ 36.]

Thereafter, Plaintiff wrote and hand-delivered a letter to the San Diego Community College District ("District"), the Board of Trustees of the San Diego Community College District

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976). All facts cited are taken from Plaintiff's TAC unless otherwise noted.

("Board of Trustees"), and Constance Carroll requesting an investigation into Professor Klingbeil's wrongful conduct, and permission to transfer to another class. [*Id.* ¶ 28.] Plaintiff's letter went unanswered. [*Id.* ¶ 45.]

Accordingly, Plaintiff filed the present action against Defendants Saeid Eidgahy, Candice Klingbeil, Ann Geller, Elizabeth Armstrong, Constance M. Carroll, Peter Z. Schiesche, Maria Nieto Senour, Rich Grosch, the San Diego Community College District, the Board of Trustees of the San Diego Community College District, Tim McGrath, Peter White, and Mary Schwandt. The operative TAC alleges a First Amendment violation and two negligence claims based on negligent training and negligent supervision. Plaintiff seeks millions of dollars in damages from each Defendant on the ground that Defendants' conduct caused him to lose a year of schooling, and thereby denied him the opportunity to apply to physician assistant programs and begin a planned twenty-year career in the medical field. [*Id.* ¶¶ 68, 74, 99, 124.]

## **LEGAL STANDARD**

A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court reviews the content of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [he] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 679.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). In addition, the Court has a duty to liberally construe a *pro se's* pleadings. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

When a cause of action is dismissed for failure to state a claim, leave to amend should be granted "unless the court determines the allegation of other facts consistent with the challenged pleadings could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schrieber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, a court may grant a motion to dismiss and dismiss the claim with prejudice where amendment would be futile. *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990).

## **DISCUSSION**

### **I.  DEFENDANTS' MOTION TO DISMISS**

Defendants assert that Plaintiff's complaint should be dismissed in its entirety because Plaintiff has failed to state a claim upon which relief can be granted. Unsurprisingly, Plaintiff argues that he has met his burden of alleging facts sufficient to support a cause of action against Defendants. The Court agrees with Defendants that Plaintiff has not met his burden.

#### **A.     First Amendment Retaliation**

In his first claim for relief, Plaintiff alleges Defendant Klingbeil violated his constitutional rights by retaliating against him and punishing him for complaining about the conditions in Klingbeil's classroom. [TAC, pp. 8-15.] To state a First Amendment retaliation claim in the context of student speech, Plaintiff must allege that: (1) Plaintiff's complaints qualify as a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) Plaintiff's complaints were a substantial or motivating factor in the defendant's decision not to let Plaintiff take exams or

1  transfer to a different class. *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006).

2  In the Court's previous order granting Plaintiff one final opportunity to amend his
3  complaint, the Court acknowledged that when the SAC was liberally construed, the first and third
4  elements for a retaliation claim were established. [*See* Doc. No. 58, p. 11.] The Court, however,
5  found that Plaintiff "entirely fails to allege facts that support the second element." [*Id.*] Thus, the
6  Court must now consider whether Plaintiff has cured this deficiency by alleging facts speaking to
7  the second element of a First Amendment claim.

8  The only measurable difference between Plaintiff's SAC and TAC related to the second
9  element of the First Amendment claim is the addition of paragraphs 20 and 55 into the TAC.
10  These paragraphs read:

11  20. This suspension would lead an ordinary pre-medical student in plaintiff's position to refrain from complaining again about the abusive students, and to
12  refrain from complaining to any dean about this abusive conduct of the teacher in order to remain in the class.
13
14  55. The second element is met because [Defendant Klingbeil's] acts of threatening to remove plaintiff or actually removing him from her class to hurt him are acts that *would* scare, prevent and/or 'chill' a student of ordinary firmness from continuing
15  to complain about other students or about the teacher, to avoid losing the class and hurting the career.
16

17  [FAC, ¶¶ 20, 55.] Defendants assert these allegations are entirely speculative and pure legal
18  conclusions. [*Defs.' Mot.* p. 4.] Plaintiff responds that the Court informed Plaintiff in the previous
19  order that he *must* allege the legal conclusions showing that Defendant Klingbeil's actions would
20  chill an ordinary student. [*Pl.'s Opp.* p. 3.] Plaintiff is mistaken. Legal conclusions are positively
21  unhelpful in a complaint; factual contentions, however, are required. The Court stated in its
22  previous order: "Plaintiff entirely fails to allege *facts* that support the second element. [Doc. No.
23  58, p. 11 (emphasis added).] Nowhere did the Court ask the Plaintiff for legal conclusions.

24  In any event, the Court again finds that Plaintiff fails to allege facts to adequately support
25  the contention that Defendant Klingbeil's actions would chill a person of ordinary firmness from
26  invoking his First Amendment rights. As an initial matter, the Court agrees with Defendants that
27  Plaintiff merely recites legal conclusions, rather than setting forth facts to support his allegations.
28  In addition, the few facts which Plaintiff does allege plead him out of a claim. For instance, the

1  TAC is replete with facts demonstrating that Plaintiff's First Amendment rights were not chilled.
2  On the contrary, Plaintiff continued to assert these rights with great vigor, taking his complaints
3  directly to the school administration.  Further, Plaintiff spends ample time describing his unique
4  academic circumstances, in which one uncompleted class would dash his hopes of attending
5  medical school.  These facts indicate that Plaintiff–much more so than the ordinary student–had a
6  compelling interest in setting aside his First Amendment rights if necessary to ensure that he
7  remained on course to be admitted to medical school.  By all accounts, Plaintiff's position was one
8  of fragile firmness, let alone ordinary firmness.  Yet even so, his speech rights were not chilled as
9  a result of Defendant Klingbeil's actions.  Therefore, his allegations entirely fail to demonstrate
10 that a person of ordinary firmness would have been chilled.

11 In sum, Plaintiff has failed to allege sufficient facts to support a First Amendment claim.
12 The Court previously advised Plaintiff that he would not be given another chance to amend his
13 complaint. Thus, the Court dismisses Plaintiff's First Amendment claim with prejudice. *Reddy v.*
14 *Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990) (court may grant a motion to dismiss and dismiss
15 the claim with prejudice where amendment would be futile).

16 **B.    Negligence Claims**

17 Plaintiff also alleges two causes of action based on negligence: failure to train and failure
18 to supervise.  As the claims are closely related, the Court finds it appropriate to consider them
19 simultaneously.

20 To state a proper claim for negligence, a plaintiff must "plead facts in support of each
21 element, i.e. what duty the defendant owed plaintiff, how the defendant breached that duty, and
22 how that breach caused the harm plaintiff allegedly suffered." *Alston v. Wurster*, 2011 U.S. Dist.
23 LEXIS 125575 *11 (E.D. Cal. Oct. 31, 2011).  "The existence of a duty of care owed by a
24 defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart*
25 *Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1095 (1991).  "[A]bsent a duty, the
26 defendant's care, or lack of care, is irrelevant." *Software Design & Application, Ltd. v. Hoefer &*
27 *Arnett, Inc.*, 49 Cal. App. 4th 472, 481 (1996).  "The existence of a legal duty to use reasonable
28 care in a particular factual situation is a question of law for the court to decide." *Vasquez v.*

1 *Residential Investments, Inc.*, 118 Cal. App. 4th 269, 278 (2004) (citation omitted).

2       Upon close review of the TAC, the Court finds that Plaintiff has failed to allege facts
3 demonstrating that Defendants owed a duty of care to Plaintiff.  Instead, Plaintiff summarily
4 concludes that a duty must exist, without laying forth any facts demonstrating why.  The following
5 allegations demonstrate Plaintiff's conclusory attempts at alleging a duty:

> Each defendant had a duty to teach their employee professors including
> KLINGBEIL as would any government supervisor without express statutes
> requiring it, as long as the need for training is obvious.

[TAC at ¶ 87 (quotation omitted).]

> An ordinary prudent or reasonable administrator or faculty supervisor in their
> situation . . . would have exercised reasonable care by creating some training to
> warn or instruct faculty that punishing students for making a complaint would itself
> be a violation of a student's civil rights.

[*Id.* ¶ 90.]

> [A] reasonable or prudent supervisor or administrator in the positions of these
> defendants would have had a duty of care to prevent the destruction of plaintiff's
> year and career by allowing plaintiff to transfer to a different class in one of the
> other campuses immediately, to avoid that loss until a hearing determined if
> plaintiff was the unfair victim of the teachers retaliation or not.

[*Id.* ¶ 110.]

      Each of these statements are riddled with conclusory assumptions not founded on existing legal principles.  Plaintiff cites various cases which purportedly impose a duty upon the college administrators in this context, but none are applicable to this case.  Plaintiff attempts to sidestep this predicament by asserting in his opposition that the question of whether a duty of care exists is a question of fact for the jury.  [*Pl.'s Opp.* p. 4.]  This is entirely incorrect.  Whether a duty exists is a legal question to be decided by the court.

      All in all, Plaintiff has not properly alleged that Defendants owed Plaintiff a duty of care.  Therefore, Plaintiff has failed to state a negligence cause of action.

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint in its entirety. The Court finds that any further amendment of Plaintiff's claims would be futile. Accordingly, Plaintiff's case is **DISMISSED WITH PREJUDICE**. The Clerk of this Court shall enter judgment against Plaintiff and terminate the case.

**IT IS SO ORDERED.**

DATED: October 15, 2012

Hon. Michael M. Anello
United States District Judge